## NOAH RICH VS. UNITED STATES.

1  PERJURY—*Indictment*—To constitute perjury as defined by § 5392, Revised Statutes of the United States, it is sufficient if the indictment charges that the false oath was taken before an officer duly authorized under the laws of the United States to administer oaths.

Petition for rehearing granted in part.

*Horace Speed* presented the petition for rehearing.

*Amos Green & Son* appeared to resist the petition.

Opinion on rehearing delivered by

DALE, C. J.:   This cause is before us upon the petition of Hon. Horace Speed for a rehearing.

It is claimed that the former opinion given by this court is erroneous in holding:

1. That it was necessary to aver or show in the indictment that the land officer had jurisdiction of the contest cases in which the alleged perjury was committed.

2. That the jurisdiction of the officer by whom the oath was administered was not sufficiently shown by averment in the indictment.

3. That the testimony given by Rich was not shown by the other evidence in the case to have been material in the contest case of *Embring vs. Perry*.

Considering the assignments of error in the order in which they were presented, we find that there is an apparent difference in the holding of this court in the case under examination, and in the opinion as rendered in *Peters vs. United States*, not yet reported.   It is important to this court that these differences be corrected.

In this case the indictment was held insufficient, for the reason that the court does not show, by facts stated or a distinct averment, that the register and receiver of the local land office had jurisdiction of the

proceedings called a land contest, on the trial of which the alleged perjury was committed.

The averment of jurisdiction reads as follows:

"That on the twenty-fifth day of November, in the year of our Lord one thousand eight hundred and ninety, at the United States land office at Oklahoma City, in Oklahoma county, in said territory, before John C. Delaney, receiver, and John H. Burford, register of said land office, a certain land contest then and there pending between John H. Embring and Lemuel A. Perry, of which land contest said land office then and there had jurisdiction, came on to be heard." ·

In passing upon this averment of jurisdiction this court held the same to be insufficient for the reasons above stated.

The statute under which this indictment is brought, R. S. U. S. § 5392, reads as follows:

"Every person who, having taken an oath before a competent tribunal, officer or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose or certify truly, or that any written testimony, declaration, deposition or certificate by him subscribed is true, wilfully and contrary to such oath, states or subscribes any material matter which he does not believe to be true, is guilty of perjury."

The indictment makes one averment which, in connection with the foregoing statute, was not sufficiently considered. We refer to the following recital:

"And thereupon, one Noah Rich was produced as a witness in said contest, and was then and there duly sworn to testify truly in said contest case, by the said John C. Delaney, receiver, who was then and there duly authorized and empowered under the laws of the United States to administer oaths in such cases."

In discussing the same question in the case of *The United States vs. Peters, supra,* this court says:

"At common law, in order to constitute the crime of perjury, it was necessary that the alleged false testi-

mony should have been given before a competent judicial tribunal having jurisdiction of the parties to and the subject matter of the action. Our statute is much broader and more comprehensive, and makes false swearing punishable as perjury when committed by a person who, having taken an oath before a competent tribunal, officer or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose or certify truly, or that any written testimony, declaration, deposition or certificate by him subscribed is true, wilfully and contrary to such oath states or subscribes any material matter which he does not believe to be true.

"It is not necessary, under this statute, that the false testimony should be given in a judicial proceeding, but if the oath is taken before a competent tribunal, officer or person, in any case in which a law of the United States authorizes an oath to be administered, and the matter sworn to is material and false, it is perjury. The oath administered by the receiver of the United States land office was authorized to be administered by a law of the United States."

The opinion quotes the law of congress which authorizes the register or receiver to administer an oath. (R. S. U. S. 2246) and an extended citation of authorities is given to support the proposition announced. After a careful consideration of the question this court, as now constituted, is of opinion that the construction placed upon the act in the case of the *United States vs. Peters* is in harmony with reason and the weight of authority, and that the opinion in *Rich vs. United States* should be modified accordingly.

This conclusion also disposes of the second assignment of error raised in the motion for rehearing.

Upon the third proposition we do not see wherein the court erred. In the opinion heretofore rendered the court said: "We fail to find in the record, which purports to give all the testimony on the trial below, any proof that it was in any manner, directly or in-

directly, approximately or remotely, material to the issues tried and determined by the register and receiver of the local land office in the land contest case of John H. Embring against Lemuel Perry."

The learned counsel for the government undertakes in his argument in support of his motion to point out to the court wherein, upon the trial for perjury, it appears in the record that proof was made showing that the testimony given by Noah Rich, in the land contest, was material in such contest proceedings.

We have carefully examined the portions of the record referred to, and in addition again gone over the entire testimony given below, and we are still unable to find the requisite proof.

Counsel, in his brief, argues at length the question of the materiality of the testimony given by Rich in the land office, about which there can be no dispute. Upon such testimony perjury may be assigned, but upon a trial for perjury some evidence must be offered showing its materiality.

This proof is essential to a conviction for perjury. It need not be the direct testimony of witnesses offered, but the court may determine its materiality from the nature of the case as appears from anything in evidence before the court.

From counsel's brief and the record before us, we gather that, at a trial in the land office wherein one Embring contested the homestead entry of one Lemuel A. Perry, one Walter Shepard was a witness for or against one of the parties to the contest.

That, for the purpose of contradicting the witness, Shepard, Noah Rich was placed upon the witness stand, and that Rich testified that on the afternoon of April 21, 1889, he saw Walter Shepard, in company with Lemuel A. Perry, go down into and across the South Canadian river. It is charged that the testimony of Rich, wherein he swore that he saw Shepard

go down into and across the South Canadian river, was false, and, that it was material. And the indictment is predicated upon the falsity and materiality of the testimony so given. The record fails to show, even inferentially, that Shepard was a witness before the land office, or that the alleged false testimony was given in contradiction to that of any testimony given in the proceedings had at the land office. The indictment alleges that in the land office contest it became and was a material question where one Walter Shepard was on the afternoon of April 21. It may be that such was a material inquiry in the contest proceedings, but the record fails to show how it became a material inquiry, and unless such fact is affirmatively shown by proof, the crime of perjury is not made out.

We cannot say, without proof, that Walter Shepard testified before the land office that he was not at the place where Rich claimed to have seen him. Or, in case Shepard did not testify at all in the land office that it was material to know his whereabouts at that particular time or place. In the land office the trial was had between Embring and Perry, and there is no evidence in the record that Perry was a witness in such contest, or that it was material to know the whereabouts of Perry at the time.

In fact there is an utter want of proof showing how the testimony of Rich, given in the land office, was material to the issue being tried before such office. We cannot presume that it was material. The petition for rehearing is granted upon the first and second grounds set forth in such petition, and denied as to the third ground, and the opinion heretofore rendered is modified to the extent of holding that the indictment charges a crime. Judgment heretofore rendered discharging the defendant is vacated and the cause remanded to the lower .court for a new trial upon the indictment.

All Justices concurring.